**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VAMSIDHAR REDDY VURIMINDI, Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **FUQUA SCHOOL of BUSINESS, *et al.*, Defendants.** | : | **No. 10-234** |

**MEMORANDUM**

PRATTER, J. AUGUST 25, 2011

Vamsidhar Reddy Vurimindi filed a Motion to Strike the affirmative defenses set forth by Duke University's Fuqua School of Business ("Duke") in its Answer to Mr. Vurimindi's Third Amended Complaint. Mr. Vurimindi claims that Duke failed to provide any factual basis for its affirmative defenses and therefore asks this Court to strike them under Federal Rule of Civil Procedure 12(f). Duke has responded to Mr. Vurimindi's Motion to Strike, and the matter is now ripe for decision.

**BACKGROUND**

In his Third Amended Complaint, Mr. Vurimindi asserted a number of claims against Duke, as well as against twenty-two individuals who were among his fellow students while he was enrolled in Duke's weekend executive MBA program and a number of corporations that allegedly employed the Student Defendants.[1] After motion practice, all that remains is Mr. Vurimindi's claim against Duke for intrusion upon seclusion, in which he alleges that Duke invaded his privacy by having its security people shadow him, search his room, and monitor his

[1] The facts of this case are more fully set forth in this Court's August 19, 2010 Opinion regarding the Defendants' Motions to Dismiss (Docket No. 114).

computer activity. Duke filed an Answer to Mr. Vurimindi's Third Amended Complaint on July 15, 2011 and asserted the following affirmative defenses:

> 250. Plaintiff's claims are barred on the grounds and to the extent that he failed to mitigate his damages.
> 251. Plaintiff's claims are barred by the applicable statute of limitations.
> 252. Plaintiff's claims are barred on the grounds that Duke's actions were justified and/or privileged under applicable law.
> 253. Plaintiff's claims are barred on the grounds that Duke had a legal duty to take prompt and appropriate actions in response to the complaints and concerns of other students.
> 254. Plaintiff's claims are barred on the grounds that Duke's actions did not constitute an intentional intrusion upon the solitude or seclusion of plaintiff's private affairs or concerns.
> 255. Plaintiff's claims are barred on the grounds that a reasonable person could not consider Duke's actions to be highly offensive.
> 256. Plaintiff's claims are barred on the grounds that Duke's actions constitute a de minimis intrusion into plaintiff's privacy which is outweighed by Duke's legitimate interests or justification.
> 257. Plaintiff's claims are barred on the grounds that he consented, whether expressly or impliedly, to Duke's actions.
> 258. Plaintiff's claims are barred on the grounds that Duke did not intrude upon any area in which plaintiff had a reasonable expectation of privacy.
> 259. Plaintiff's claims are barred to the extent that his allegations constitute claims for public disclosure of private facts, which claims are barred as a matter of law.
> 260. Plaintiff's claims are barred to the extent that the facts which plaintiff claims to be private were already in the public domain at the time of Duke's actions.
> 261. Duke reserves the right to assert any additional separate or affirmative defenses are made known during discovery.

Ans. at ¶¶ 250-261 (Docket No. 127).

On July 27, 2011, Mr. Vurimindi filed a motion to strike Duke's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). In his motion, he argues that Duke failed to provide any factual basis for its defenses, leaving him to "guess and wonder." *See* Pl.'s Mot. To Strike at 4-5. He asserts that the *Twombly*/*Iqbal* plausibility standard applies to affirmative defenses, just as it applies to claims and counterclaims, and that Duke's affirmative defenses fail

to meet that standard. Duke counters that the application of *Twombly*/*Iqbal* pleading standards to affirmative defenses runs counter to the majority view of district courts in the Third Circuit and contends that it has more than satisfied the "fair notice" standard that does apply. At the heart of the dispute, then, is the proper pleading standard to apply to affirmative defenses.

**Legal Standards**

Under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." However, striking a pleading is a "drastic remedy" appropriate only when the grounds for striking are "readily apparent from the face of the pleadings." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (internal citations omitted). Thus, although Rule 12(f) allows a court to grant a motion to strike under appropriate circumstances, such motions "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Wilson v. King*, No. 06-2608, 2010 WL 678102, at *2 (E.D. Pa. Feb. 24, 2010) (internal quotation omitted). "[C]ourts should grant motions to strike only when the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." *Charleswell v. Chase Manhattan Bank*, Civil Action No. 01-119, 2009 WL 4981730 (D.V.I. Dec. 8, 2009) (internal quotation omitted).

Courts are widely divided with regard to the standard to employ when deciding whether an affirmative defense has been sufficiently plead. Some district courts have held, for a variety of reasons, that the plausibility requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937 (2009), apply to affirmative defenses.

*See, e.g., Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). Others have declined to be fully engaged by or in the *Iqbal-Twombly* imbroglio and have held that affirmative defenses have always been subject to a "fair notice" standard that appears to require the pleading of some facts in support of affirmative defenses. *See, e.g., Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 145-46 (E.D. Pa. 2011). Still other courts have held that *Twombly* and *Iqbal* do not apply to affirmative defenses and that a defendant need not plead facts in support of affirmative defenses, but rather must simply provide "fair notice" of the issue raised. *See, e.g., Charleswell*, 2009 WL 4981730, at *4. This standard requires only that the defendant provide "knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case." *See Tyco Fire Prods. v. Victaulic Co.*, Civil Action No. 10-4645, 2011 WL 1399847, *5 (E.D. Pa. Apr. 12, 2011).

While the majority of district courts in other circuits appear to have held that *Twombly* and *Iqbal* standards apply to affirmative defenses, *see* Manuel John Dominguez, William B. Lewis, & Anne F. O'Berry, *The Plausibility Standard as a Double-Edged Sword: The Application of Twombly and Iqbal to Affirmative Defenses*, 84 Fla. Bar J. 77, 78 (2010), the majority of district courts in this Circuit addressing the issue have held that *Twombly* and *Iqbal* do not apply to the pleading of affirmative defenses. *See, e.g., Tyco Fire Prods.*, 2011 WL 1399847, at *5; *FTC v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011); *Charlesworth*, 2009 WL 4981730, at *3-4; *Romantine v. CH2M Hill Eng'rs., Inc.*, No. 09-973, 2009 WL 3417469, *1 (W.D. Pa. Oct. 23, 2009). These Third Circuit courts have distinguished between Federal Rule of Civil Procedure 8(a), which requires that a pleading must contain "a short and plain statement of the claim *showing* that the pleader is

entitled to relief" (emphasis added), and Rule 8(c), which requires that "a party must affirmatively *state* any avoidance or affirmative defense" (emphasis added). While Rule 8(a) requires parties to "show" facts entitling them to relief, Rule 8(c) merely requires parties to "state" their defenses. *See Charlesworth*, 2009 WL 4981730, at *4.

District courts in the Third Circuit have also noted that while an insufficiently plead complaint may unfairly subject a defendant to expensive and time-consuming discovery, the converse is not true with regard to affirmative defenses, in that a plaintiff may easily explore a defendant's affirmative defenses through contention interrogatories and other discovery. *See Hope Now Modifications*, 2011 WL 883202, at *3-4. And, of course, a plaintiff who initiates litigation is less likely to be heard to lament the initiation of discovery in any event.[2]

This Court finds the majority view among district courts in the Third Circuit persuasive at least for present purposes and will apply it to the case at hand.

**DISCUSSION**

**A. Statute of Limitations**

The parties appear to agree that the applicable statute of limitations is three years under North Carolina law. Mr. Vurimindi argues that he first started communicating with Duke in

---

[2] Another court also points to the forms appendix to the Federal Rules of Civil Procedure, noting that "as the undetailed recitations of affirmative defenses illustrated in Form 30 show," the "fair notice" standard applied to affirmative defenses "is not an exacting standard even remotely approaching the type of notice required of a claim under *Twombly* and *Iqbal*." *See Tyco Fire Prods.*, 2011 WL 1399847, at *5 (citing Fed. R. Civ. P., App. of Forms, Form 30). Moreover, in *Tyco Fire Prods.*, the court noted that "requiring greater notice conflicts with the long-standing truism that motions to strike are disfavored." *Id.* at *6. Although with the advent of *Twombly* and *Iqbal* the vitality and usefulness of the minimalist forms may well be close to their end, they are – at present – still part of the panoply of sources for counsel to consult and use.

2007, which is well within three years of the filing of his Complaint in December 2009. Duke counters that Mr. Vurimindi's complaint includes events occurring more than three years before this lawsuit was filed and states that it asserted the defense in case Mr. Vurimindi attempts to base his claim on those events. While it is true that the vast majority of allegations involving Duke appear to have occurred in 2007 or later, there are a few paragraphs of the Third Amended Complaint that specify broad time spans including dates earlier than December 2006 and that mention Duke. *See, e.g.,* Third Am. Compl. at ¶¶ 50-51. Therefore, because it is not "readily apparent" that this defense is insufficient and because Mr. Vurimindi has not shown that declining to strike this defense will prejudice him in any way, the Court will not strike Duke's statute of limitations defense.

**B. Public Disclosure of Private Facts**

Duke asserts that Mr. Vurimindi's claim, insofar as it relates to public disclosure of private facts, is "barred as a matter of law." *See* Ans. at ¶ 259. Mr. Vurimindi argues that this Court and the Third Circuit Court of Appeals have already decided this issue and that Duke's assertion of this defense reflects an attempt to relitigate the matter. He also contends that Duke failed to state why his claim for public disclosure of private facts is barred as a matter of law. It is true that the Court has already addressed this issue: The Court dismissed Mr. Vurimindi's invasion of privacy claim to the extent he attempts to assert a cause of action for public disclosure of private facts, a claim that is not viable under North Carolina law. *See Vurimindi v. Fuqua School of Business*, No. 10-234, 2010 WL 3419568, *8 (E.D. Pa. Aug. 25, 2010), *aff'd in part*, No. 10-4036, 2011 WL 2601584, *3 (3d Cir. Jul. 1, 2011). Duke notes that it merely asserted this defense in an effort to notify Mr. Vurimindi that it will "seek to bar any attempts by

plaintiff to prove the barred claim." *See* Def.'s Opp. at 9. Duke's point is well taken, and Mr. Vurimindi should note that although his invasion of privacy claim survives, it survives only to the extent that it asserts a claim for "intrusion upon seclusion." Duke's defense is redundant, however, in that Duke has already asserted it, and the Court has already addressed it and decided the issue in Duke's favor. Therefore, the Court will strike paragraph 259 of Duke's Answer as redundant, recognizing that the gist of the defense remains.

**C. The Remaining Defenses**

As to the remainder of Duke's defenses, Mr. Vurimindi argues that Duke has failed to allege sufficient facts to give him notice of the basis for the affirmative defenses.[3] Because the "fair notice" standard does not require the pleading of the panoply of factual allegations in support of affirmative defenses, the Court will deny Mr. Vurimindi's motion with respect to the remaining affirmative defenses asserted by Duke.

---

[3] Mr. Vurimindi also appears to argue that it would be unfair for the Court to allow Duke to assert that he failed to mitigate his damages. He has not, however, cited any law supporting an argument that Duke may not assert such a defense as a matter of law, and a motion to strike is not the proper vehicle to make an argument that would require a full consideration of the facts. Because Duke meets the "fair notice" requirement, the Court will not strike Duke's failure to mitigate defense.

## CONCLUSION

Because Duke easily meets the "fair notice" standard in asserting its affirmative defenses, the Court will deny Mr. Vurimindi's Motion to Strike, except as to the redundant defense contained in paragraph 259 of Duke's Answer. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE