|  |  |  |
|---|---|---|
| | ) | |
| **Vamsidhar R Vurimindi,** | ) | UNITED STATES DISTRICT COURT |
| **Plaintiff** | ) | FOR THE EASTERN DISTRICT OF |
| Vs. | ) | PENNSYLVANIA |
| **Fuqua School of Business,** | ) | |
| **Duke University et al.,** | ) | Civil Action No. 10-CV-00234-EL |
| **Defendants** | ) | |
| _____ | ) | _____ |

## ORDER

**AND NOW**, this matter is before the Court on Plaintiff' Motion to determine competency of Vurimindi and upon consideration of the motion, **IT IS HEREBY ORDERED AND DECREED THAT** the said motion is **GRANTED.**

_____       _____
**DATE**                                                          **JUDGE GENE E. K. PRATTER**

|  |  |
|---|---|
| **Vamsidhar R Vurimindi,** ) | **UNITED STATES DISTRICT COURT** |
| Plaintiff ) | **FOR THE EASTERN DISTRICT OF** |
| Vs. ) | **PENNSYLVANIA** |
| **Fuqua School of Business,** ) | |
| **Duke University et al.,** ) | Civil Action No. 10-CV-00234 |
| Defendants ) | |

**PLAINTIFF' MOTION TO DETERMINE THE COMPETENCY**

I, *Vamsidhar R Vurimindi,* am the Plaintiff in the captioned matter appearing as an untrained Pro Se and hereinafter referred as Vurimindi and here by move this motion before honorable court issue an order to determine competency of Vurimindi and in support state as follows:

**(I) FACTS PERTAINING TO THIS MOTION:**

01. On 14th November 2012, this court issued an order to suspend the matter for six (6) months and ordered to update the court about the status of Vurimindi' competency issue.

02. Subsequently, a psychologist appointed by the court in the matter of <u>Commonwealth of Pennsylvania Vs. Vamsidhar Vurimindi</u> bearing case no: CP-51-CR-0008022-2012, evaluated Vurimindi on or about 11/26/2012, 12/10/2012 and 03/04/2013 and found Vurimindi was not competent to stand trial.

03. On or about 4th March 2013, Vurimindi verbally challenged state court appointed psychologist opinion that Vurimindi was not competent to stand trial, because Vurimindi demonstrated to psychologist that Vurimindi has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, and Vurimindi has a rational as well as factual understanding of the proceedings against him in the matter of <u>Commonwealth of Pennsylvania Vs. Vamsidhar Vurimindi</u>.

04. Prior to state court appointed psychologist performing his basic evaluation, on 4th February 2013, in the matter of <u>Vurimindi Vs. HSFLB Condominium Owners Association et al,</u> bearing no 13-CV-000039-001 in USDC for ED of PA, Vurimindi filed a motion for injunction for an

order enjoining Philadelphia District Attorney Office, Philadelphia Police Department, and Commonwealth of Pennsylvania to perform full psychological tests upon Vurimindi to determine Vurimindi' competency. However, to date court did not rule on Vurimindi' motion for injunction.

05. On 26th March 2013, after state court appointed psychologist found Vurimindi was not competent, Vurimindi contacted counsel for Duke to file a file a joint motion in this instant case, proposing to proceed in this case even though Vurimindi not yet been declared competent. However, counsel for Duke did not agree to Vurimindi' proposal and suggested that Duke will agree to proceed only on the condition that the court finds Vurimindi competent or a guardian ad litem is appointed.

06. Vurimindi had hoped that court in the matter of *Vurimindi Vs. HSFLB Condominium Owners Association et al,* issue an order enjoining Philadelphia District Attorney Office to perform full psychological tests upon Vurimindi to determine Vurimindi' competency. However, to date court did not rule on Vurimindi' motion for injunction. In addition, Court in the matter of *Commonwealth of Pennsylvania Vs. Vamsidhar Vurimindi* adjourned the case until 27th June 2013 to determine Vurimindi' competency.

07. Vurimindi is apprehending that state court appointed psychologist will continue to found Vurimindi was not competent, because Philadelphia District Attorney Office do not have any incriminating testimony from a non interested party against Vurimindi and Vurimindi have video evidence to show that Vurimindi'' neighbors were abusive to Vurimindi. Therefore, Philadelphia District Attorney Office dragging the matter of *Commonwealth of Pennsylvania Vs. Vamsidhar Vurimindi* as long as possible, hoping that Vurimindi will be fade out on his own [or] succumb to the unlawful demands of Vurimindi' neighbors and Philadelphia District Attorney Office to forgo Vurimindi' claim for violation to his fundamental rights.

08. Now, Vurimindi believes that Vurimindi has sufficient ability to prosecute this instant case as a Pro Se, has full factual understanding of the proceedings in this case. Therefore, Vurimindi humbly request this court to vacate the stay in this matter, or order a full

spectrum of psychological tests upon Vurimindi by a federal court appointed psychologist to determine Vurimindi' competency.

Wherefore, for the foregoing reasons, Vurimindi humbly request this court to issue an order to determine competency by a federal court appointed psychologist or Vacate Stay on Proceedings.

Respectfully submitted,

**Dated:** April 25, 2013

*Vamsidhar R Vurimindi,* **Plaintiff, Pro Se**
1782 Frankford Ave, Unit 1,
Philadelphia, PA 19125
Tel# 267 250 4092

|  |  |
|---|---|
| **Vamsidhar R Vurimindi,**                      ) | UNITED STATES DISTRICT COURT |
|         **Plaintiff**                                          ) | FOR THE EASTERN DISTRICT OF |
|                 Vs.                                                 ) | PENNSYLVANIA |
| **Fuqua School of Business,**                   ) |  |
| **Duke University et al.,**                        ) | Civil Action No. 10-CV-00234-EL |
|         **Defendants**                                    ) |  |
| _____ ) | _____ |

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I have filed **PLAINTIFF' MOTION DETERMINE COMPETENCY OF VURIMINDI** using CM/ECF of the United States District Court for the Eastern District of Pennsylvania. The CM/ECF will send notification of such filing to the following:

Paul G Nofer,
Klehr Harrison Harvey Branzbur
1835 Market Street
Suite 1400
Philadelphia PA 19103

                                                                  Respectfully submitted,

**Dated**: April 25, 2013

                                                                  *Vamsidhar Vurimindi*
                                                                  ***Vamsidhar R Vurimindi,* Plaintiff, Pro Se**
                                                                  1782 Frankford Ave, Unit 1,
                                                                  Philadelphia, PA 19125
                                                                  Tel# 267 250 4092

|  |  |  |
|---|---|---|
| **Vamsidhar R Vurimindi,** | ) | |
| Plaintiff | ) | UNITED STATES DISTRICT COURT |
| Vs. | ) | FOR THE EASTERN DISTRICT OF |
| **Fuqua School of Business,** | ) | PENNSYLVANIA |
| **Duke University et al.,** | ) | Civil Action No. 10-CV-00234-EL |
| Defendants | ) | |
| _____ | ) | _____ |

## VERIFICATION

I, Vamsidhar Reddy Vurimindi, am a Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Philadelphia, Pennsylvania.

Respectfully submitted,

**Dated:** April 25, 2013

*Vamsidhar Vurimindi*

**Vamsidhar R Vurimindi,** **Plaintiff, Pro Se**
1782 Frankford Ave, Unit 1,
Philadelphia, PA 19125
Tel# 267 250 4092