Vamsidhar Vurimindi,
Plaintiff, Pro Se
821 Gunter Street,
Austin, TX 87802

| IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA ||
|---|---|
| Vamsidhar Vurimindi,<br>                Plaintiff<br>     vs.<br><br>Fuqua School of Business, et al.,<br> Defendants | No. 10-234 |

**<u>MOTION FOR RECUSAL  &  MOTION TO ALTER OR AMEND A JUDGMENT</u>**

I, Vamsidhar Vurimindi am the Plaintiff appearing as pro se, hereby file this *28 U.S.C. §§ 144 and 455*[1] motion for recusal and motion to alter or amend a judgment under Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 and state as follows:

1. On October 04, 2024, Honorable Wendy Beetlestone denied pro se Plaintiff Vamsidhar Vurimindi's motion for relief from judgment and for relief dismissing case for lack of prosecution.

2. Hon. Beetlestone is current Chancellor of University of Liverpool and therefore Hon. Beetlestone is unconsciously biased towards Fuqua School of Business, Duke University and biased against Plaintiff Vamsidhar Vurimindi and therefore

---

1. *28 U.S.C. § 144* states as follows: Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. Id. Similarly, under *28 U.S.C. § 455*, "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *28 U.S.C. § 455(a)*.

Hon. Beetlestone disregarded to the following facts:

a) Sarah Rosen Shah, who worked as Admissions Counselor, Fuqua School of Business, relocated from Raleigh, NC to Hoopskirts Factory Lofts Condominium, 309-313 Arch St, Unit 601, Philadelphia, PA 19106, into the same floor, where Plaintiff Vamsidhar Vurimindi was living and attending Fuqua School of Business's Weekend MBA program.

b) Fuqua School of Business hired and paid Counsels Paul Nofer, Katherine Isard and Diana Eisner from Klehr Harrison Harvey Branzburg LLP to defend Sarah Rosen Shah in *Vurimindi vs. Borowski et al*, Case No: 110102212, Court of Common Pleas on allegations that Sarah Rosen Shah gossiped about Plaintiff Vamsidhar Vurimindi's private and confidential information included in his admission application to his neighbors and classmates.

c) Fuqua School of Business hired and paid Mark Sheppard and Christa High from Montgomery, McCracken, Walker & Rhoads, LLP; James Cowan, and Dixie Wells from Ellis & Winters LLP to defend Individual Student Defendants in this case and in Vurimindi vs. Link et al, No. 1:10CV965, Middle District of North Carolina.

d) Fuqua School of Business registered criminal complaint against Plaintiff Vamsidhar Vurimindi in Durham, NC and thereafter Wyeth Pharmaceuticals terminated Plaintiff Vamsidhar Vurimindi's employment and thereafter Plaintiff Vamsidhar Vurimindi unable to secure employment.

e) After Plaintiff Vamsidhar Vurimindi served subpoenas to produce documents related to claims in this action, Plaintiff Vamsidhar Vurimindi's neighbors get

    him arrested, convicted, sentenced and deported from United States and hindered his ability to prosecute this civil case.

  f) Fuqua School of Business knew that Plaintiff Vamsidhar Vurimindi's classmates unlawfully targeted him; and Fuqua School of Business instead of enforcing its anti harassment & stalking policies, aided and abetted Plaintiff Vamsidhar Vurimindi's classmates repeated false complaints against him to make Plaintiff Vamsidhar Vurimindi voluntarily withdraw from weekend MBA program; and when he stay put, Fuqua School of Business set in motion a sequence of events that lead to termination of Plaintiff Vamsidhar Vurimindi's employment and blacklisting him in his field of employment, such that he wouldn't be employed in future.

3. Hon. Beetlestone biased towards Fuqua School of Business and biased against Plaintiff Vamsidhar Vurimindi effected in several ways: (1) Affinity bias (Hon. Beetlestone prefer Fuqua School of Business, who share similar qualities to University of Liverpool); (2) Attribution bias (Hon. Beetlestone understand Fuqua School of Business actions against Plaintiff Vamsidhar Vurimindi in the way that she understand and make sense of her own and University of Liverpool's actions); (3) Conformity bias (Hon. Beetlestone desire to be accepted by University President's social group, she is inclined to agree with the views of the majority University President's views regardless of Fuqua School of Business actions against Plaintiff Vamsidhar Vurimindi); (4) Confirmation bias (Hon. Beetlestone gave greater weight to Fuqua School of Business's arguments, that confirms her views and experience as Chancellor of University of Liverpool); (5)

    The halo effect (Hon. Beetlestone decision-making is focused solely on one great features of Fuqua School of Business and ignore its inherently racist actions directed towards Plaintiff).

4. Hon. Beetlestone unconscious bias towards Duke University, disqualifies her as judge in this case by the reason of her prejudice against Plaintiff Vamsidhar Vurimindi.

5. Hon. Beetlestone has refused to declare her own bias and disqualification and to request another judge to sit in her place in this action.

6. Hon. Beetlestone is prejudiced against Plaintiff Vamsidhar Vurimindi to such an extent that he cannot receive a fair and impartial hearing before her.

## LEGAL STANDARD

As stated by James Madison, "No man is allowed to be a judge in his own cause; because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity." The Federalist No. 10, at 59 (J. Cooke ed. 1961). As a corollary to that maxim, neither may any person be allowed to choose the judge in his or her own cause, either directly or indirectly. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Supplementing these fundamental principles, more specific rules have been developed to promote fairness, as well as the appearance of fairness, in cases in which a judge may have an interest or bias that may affect the judge's ability to be fair and evenhanded. Three sources of law principally provide the governing legal standards for disqualification. *28 U.S.C. §§ 144 and 455* statutes provides that any federal justice, judge, or magistrate shall recuse "in any proceeding in which his impartiality might reasonably be questioned," *28 U.S.C. §455(a)*, as well as in specific, enumerated

circumstances. Id. *§455(b)*. The Code of Conduct for United States Judges also sets forth standards for disqualification, and more fundamentally, due process requires recusal in certain cases. Under *§455(a)*, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute defines a "proceeding" to include "appellate review." *28 U.S.C. §455(d)(1)*.

Disqualification is mandatory for conduct that reasonably calls into question a judge's impartiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988). Section 455(a) "was designed to promote public confidence in the integrity of the judicial process by replacing the subjective 'in his opinion' standard with an objective test and by avoiding even the appearance of impropriety whenever possible." Id. at 858 n.7, 865. The statute is self-executing; a judge must both inquire without a request from the parties and continually evaluate any potential conflict at all stages of the appeal. *Section 455(a)* operates as a "catchall" recusal provision to supplement the specifically enumerated grounds for judicial disqualification under §455(b). *Liteky*, 510 U.S. at 548. Because the appearance of bias may arise when no bias exists in fact, the reach of §455(a) is much broader than *§455(b)*. It is for this reason that disqualification motions are typically brought under *§455(a)*.

Courts apply an objective standard of reasonableness in determining if disqualification is required under *§455(a)*. *Liteky*, 510 U.S. at 548. Disqualification is required "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." See *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976) (using movant friendly standard of

assumed validity of procedurally valid affidavit); *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976) (describing circuit's test, requiring facts sufficient to convince reasonable person of judge's personal bias against party when facts are taken as true); *Mims*, 541 F.2d at 416-17 (requiring that judge accept party's allegations as true and rule only on legal sufficiency of motion (which judge had denied-that judge had chased party around room and assaulted party)); See *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)(disallowing discretion of trial judge to require greater specificity in recusal affidavit). The Code of Conduct "prescribes ethical norms for federal judges as a means to preserve the actual and apparent integrity of the federal judiciary." *United States v. Microsoft Corp*., 253 F.3d 34, 111 (D.C. Cir. 2001). The Code of Conduct directs federal judges to avoid both actual impropriety and its appearance. *Code of Conduct for United States Judges, Canon 2*. Judges must not only be impartial, but the public must perceive them to be so. The Code of Conduct admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities." Id., *Canon 2A*. The Supreme Court stated long ago that "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). Under Canon 3C, a judge must recuse in a proceeding in which his or her "impartiality might reasonably be questioned," mirroring *28 U.S.C. §455(a)*. The Due Process Clause of the Fourteenth Amendment guarantees litigants the right to objective impartiality from the state-court judiciaries. See *Ward v. Village of Monroeville*, 409 U.S. 57, 61–62 (1972). (All of the due-process cases cited in this article involve the Fourteenth Amendment's applicability to the state-court judiciaries. While the Due Process Clause

of the Fifth Amendment technically would apply to federal judges, that clause has yet to be applied in the disqualification context to ensure litigants in federal court the right to a "neutral and detached judge." Id. at 62.) The "Due Process Clause has been implemented by objective standards that do not require proof of actual bias." *Caperton*, 556 U.S. at 883. That clause "demarks only the outer boundaries of judicial disqualifications." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 828 (1986). As the Supreme Court suggested in *Caperton v. A.T. Massey Coal Co.*, rarely do cases of perceived bias rise to a level that will violate a party's right to due process. 556 U.S. at 872, 876. That is because "most questions of recusal are addressed by more stringent and detailed ethical rules." *Williams v. Pennsylvania*, 579 U.S. ___, 136 S. Ct. 1899, 1908 (2016)(holding that "under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding defendant's case."); *Caperton*, 556 U.S. at 872 (concluding that "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable" where a party was a substantial donor to a judge's election campaign); *Lavoie*, 475 U.S. at 824–25 (holding that when a justice on the Alabama Supreme Court cast the deciding vote and authored the opinion in a case, while he had "at least one very similar bad-faith-refusal-to-pay lawsuit against [the appellant] in another Alabama court," due process was violated); *In re Murchison*, 349 U.S. 133, 136 (1955) (stating that "no man is permitted to try cases where he has an interest in the outcome"); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (concluding that judges should not preside over cases where they have a "direct, substantial pecuniary interest" in the outcome).

On October 04, 2024, Plaintiff filed notice of appeal from denying pro se Plaintiff Vamsidhar Vurimindi's motion for relief from judgment and for relief dismissing case for lack of prosecution; and started to research Hon. Beetlestone's party affiliations and past judgments and found Hon. Beetlestone is current Chancellor of University of Liverpool and stunned for Clerk of the Court assigning a case against Fuqua School of Business, Duke University to Hon. Beetlestone and perplexed as to why Hon. Beetlestone failed to recuse from the case, where an uninterested lay person can readily question the legitimacy of a university chancellor presiding over legal case against another university. Plaintiff Vamsidhar Vurimindi believe that Hon. Beetlestone biased towards Fuqua School of Business and biased against Plaintiff Vamsidhar Vurimindi effected in several ways: (1) Affinity bias (2) Attribution bias; (3) Conformity bias; (4) Confirmation bias and; (5) The halo effect and therefore filing this motion for recusal and motion to alter or amend a judgment under *Fed. R. Civ. P. 59* and *Fed. R. Civ. P. 60*

Wherefore Plaintiff Vamsidhar Vurimindi respectfully request Hon. Wendy Beetlestone to recuse from the case and vacate the dismissal order.

Date: October 5, 2024

Respectfully Submitted
/s/-
Vamsidhar Vurimindi,
Plaintiff, Pro Se
821 Gunter Street,
Austin, TX 87802

## **CERTIFICATE OF SERVICE**

I, Vamsidhar Vurimindi certify that a true and correct copy of this motion served via this court's e-filing system upon the following:

1) Paul G. Nofer, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103. Email: pnofer@klehr.com Lead attorney and attorney to be noticed.

Date: October 5, 2024                                   Respectfully Submitted
                                                                         /s/-
                                                                         Vamsidhar Vurimindi,
                                                                         Plaintiff, Pro Se
                                                                         821 Gunter Street,
                                                                         Austin, TX 87802

## **VERIFICATION**

I, Vamsidhar Vurimindi verify the statements made in this motion are true and correct. I understand false statements are subject to penalty under *28 U.S.C. § 1746*, relating to Unsworn declarations under penalty of perjury.

Date: October 5, 2024                                   Respectfully Submitted,
                                                                         /s/-
                                                                         Vamsidhar Vurimindi,
                                                                         Plaintiff, Pro Se
                                                                         821 Gunter Street,
                                                                         Austin, TX 87802